POLANCO, PLAINTIFF AND APPELLANT, *v.* GOFFINET ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action to Annul a Foreclosure Proceeding.

MOTION of Appellees for Dismissal of the Appeal.

No. 1800.—Decided March 23, 1918.

TRANSCRIPT OF RECORD—CERTIFICATION—AUTHENTICATION.—The fact that the documents contained in a transcript of the record are certified to separately, instead of collectively, does not invalidate the transcript, since the said documents are authenticated, which is the object of the statute in requiring the secretary's certificate.

APPEAL—FORECLOSURE—ATTACHMENT.—An order setting aside the retention of the proceeds of a forced sale in foreclosure proceedings and dissolving the attachment of property to secure the effectiveness of the judgment, is appealable according to section 295 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. Sarmiento, Rodríguez Serra* and *Puig* for the appellant.

*Mr. Lorenzo Jiménez García* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action brought by José Jacinto Nicolás Polanco against August and Constant Goffinet in the District Court of Humacao to annul a mortgage foreclosure proceeding, the said court, by an order of October 10, 1917, granted the plaintiff's petition for an attachment and ordered the marshal of the court to retain the proceeds of the sale of the plaintiff's property to be made in the foreclosure proceeding, ordering also the attachment of any property of the defendants in the Island up to the sum of ten thousand five hundred dollars.

On January 23, 1918, the said court, on the motion of the defendants, ruled that its order of October 10, 1917, for such retention and attachment should be set aside unless the plaintiff furnished a bond of three thousand dollars for the retention of the proceeds of the sale in the foreclosure proceedings and another of two thousand dollars for the attachment of the property of the defendants. From that order Polanco appealed.

The appellees now move for dismissal of the appeal (1) because the documents forming the transcript of the record were certified to separately and not by a single certificate of the clerk who issued them, as required by section 299 of the Code of Civil Procedure as amended by Act No. 21 of March 9, 1911; (2) because certain papers are lacking in the transcript and certified copies of them are included; (3) because the order appealed from is not appealable.

Act No. 70 (not Act No. 21) of January 9, 1911, provides that the record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, and according to section 233 of the Code of Civil Procedure, in all cases, except when the defendant is in default, the judgment roll is composed of the pleadings, a copy of the findings of the court, or referee, all bills of exception taken and filed and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment.

There being no settled bill of exceptions in the present case, the record of appeal should be composed of the pleadings of the parties, the order appealed from and the notice of appeal, all of which appear in the transcript of the record filed. If the appellees believe that the original papers of which certified copies appear should have been included in the transcript of the record, they can avail themselves of the right given them by Rule 55 of this court.

Although the documents composing the transcript of the record have been certified separately and not by a single certificate including them all, that does not constitute a defect which invalidates the transcript or renders it ineffective, for the said documents have been authenticated, which is the object of the statute in requiring the certificate of the clerk.

Finally, the order appealed from is appealable according to section 295 of the Code of Civil Procedure and the jurisprudence of this court. *Hermida & Palos* v. *Gestera,* 20 P. R. R. 423, and *Pizá & González* v. *Ramis,* 24 P. R. R. 809.

For the foregoing reasons the motion by the appellees for dismissal of the appeal should be

*Overruled.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.